**Donte CORMIER, Petitioner–Appellee,**

v.

**David L. RUNNELS, Warden, High Desert State Prison, Susanville, Defendant–Respondent.**

No. 07–15273.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 15, 2007.

Robert J. Beles, Esq., Oakland, CA, for Petitioner–Appellee.

Ross C. Moody, Esq., Office of the California Attorney General, San Francisco, CA, for Defendant–Respondent.

Before HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Donte Cormier appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cormier advances four issues on appeal: (1) whether the trial court's exclusion of evidence of the victim's prior convictions deprived Cormier of his right to present a defense; (2) whether he was denied effective assistance of trial counsel; (3) whether the cumulative effect of multiple errors produced a denial of due process; and (4) whether the district court should have granted an evidentiary hearing on the ineffective assistance of counsel claim.

This Court reviews *de novo* the district court's denial of a habeas petition. *Lara v. Ryan*, 455 F.3d 1080, 1084 (9th Cir. 2006). In reviewing the merits of the petition, we apply the deferential standards of review set forth in the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a habeas petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Cormier's claim regarding the excluded evidence fails under the balancing test, identified in *Chia v. Cambra*, 360 F.3d 997, 1003–04 (9th Cir.2004), weighing the importance of the evidence for the defendant against the state's interest in exclusion. The victim's prior convictions did not bear directly on Cormier's theories of self-defense or imperfect self-defense, because Cormier lacked any knowledge of those prior convictions. Even if error occurred, it did not have a substantial and injurious effect on the jury's verdict because the undisputed physical evidence

showed that Cormier fired several shots into victim's back and side. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Thus, the trial court's evidentiary rulings did not deprive Cormier of a fundamentally fair trial. *See Chia,* 360 F.3d at 1003.

Cormier's ineffective assistance of counsel claim fails because he did not establish counsel's deficient performance or the necessary resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Cormier first contends that his counsel did not investigate or interview key witnesses. The state court found that counsel's investigation was adequate, and Cormier has not demonstrated by clear and convincing evidence that this finding was objectively unreasonable. *See* 28 U.S.C. § 2254(e)(1); *Miller–El v. Cockrell,* 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (noting that under AEDPA, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary"). Next, Cormier charges as error his counsel's failure to address imperfect self-defense during closing argument, but this was a tactical decision that he has not shown was unreasonable. Cormier also complains that his counsel did not ask certain questions on cross-examination. Methods of case presentation are within counsel's professional judgment, to which we afford great deference. *See Strickland,* 466 U.S. at 688–89, 104 S.Ct. 2052; *Yarborough v. Gentry,* 540 U.S. 1, 5–6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003). We detect no error here. Lastly, the record refutes Cormier's contention that his counsel failed to vigorously pursue the admission of the victim's convictions for weapons possession. Accordingly, we hold the district court properly concluded

that the state court's denial of Cormier's ineffective assistance claim was not contrary to and did not involve an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). We affirm the denial of Cormier's request for an evidentiary hearing, as both prongs of the *Strickland* test can be resolved on the basis of the state court record. *See Schriro v. Landrigan,* —— U.S. ——, ——, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

Finally, because all of Cormier's individual claims are meritless, there can be no relief under the cumulative error doctrine. *See Mancuso v. Olivarez,* 292 F.3d 939, 957 (9th Cir.2002).

**AFFIRMED.**